**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI,** | §<br>§<br>§<br>§<br>§ | |
| **Movants,** | § | **Civil Action No. 4:20-mc-00036-ALM** |
| | § | |
| **v.** | §<br>§ | |
| **CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, LLC,** | §<br>§<br>§ | *Ancillary to* **CIVIL ACTION NO. 4:18-CV-00442-ALM (E.D. Tex.)** |
| **Respondent.** | §<br>§<br>§ | |

## <u>APPENDIX TO DEFENDANTS' MOTION TO COMPEL</u>

Declaration of Laura Lee Prather

EXHIBIT A.          Subpoena to Chapwood Capital Investment Management, LLC

EXHIBIT B.          Proof of Service of Subpoena on Chapwood Capital Investment Management, LLC served on November 18, 2019

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID FOLKENFLIK; NATIONAL PUBLIC RADIO, INC.; EDITH CHAPIN; LESLIE COOK; AND PALLAVI GOGOI, | § § § § § | |
| Movants, | § § | Civil Action No. 4:20-mc-00036-ALM |
| v. | § § | |
| CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, LLC, | § § § § | *Ancillary to* CIVIL ACTION NO. 4:18-CV-00442-ALM (E.D. Tex.) |
| Respondent. | § § § | |

---

**DECLARATION OF LAURA LEE PRATHER IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, LLC TO COMPLY WITH FED. R. CIV. P. 45 SUBPOENA**

---

I, Laura Lee Prather, hereby declare pursuant to 28 U.S.C. § 1746:

1.      I am a partner at the law firm of Haynes and Boone, LLP and lead counsel for Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants") in the action captioned *Butowsky v. Folkenflik*, Case No. 4:18-cv-00442-ALM (E.D. Tex. June 21, 2018), pending in the United States District Court in the Eastern District of Texas (the "*Folkenflik* litigation"). I am fully competent to make this declaration, and all of the facts set forth herein are based on my personal knowledge and are true and correct.

2.      On November 15, 2019, Defendants issued a subpoena to Chapwood Capital Investment Management, LLC ("Chapwood"), a true and correct copy of which is annexed hereto

as Exhibit A (Appendix pp. 3-13).  I retained a process server to effect service of the subpoena in person.

3.    On November 18, 2019, Chapwood was served with the subpoena by process server at Chapwood's offices located at 4965 Preston Park Blvd., Suite 100, Plano, Texas 75093 in Collin County.  A true and correct copy of the proof of service is annexed hereto as Exhibit B (Appendix pp. 14-17).

4.    According to the terms of the subpoena, Chapwood was required to produce documents at the Dallas, Texas office of Haynes and Boone, LLP on December 6, 2019 at 12:00 p.m.  Chapwood failed to appear and did not produce any documents in response to the subpoena. Chapwood also did not provide any objections or responses to the subpoena.

5.    At the request of attorney Steven Biss, Defendants granted Chapwood an extension of time to comply with the Subpoena, which expired January 22, 2020.  Chapwood still has not responded or provided documents.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 16th day of March, 2020 in Austin, Texas.

Laura Lee Prather

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Texas

| | |
|---|---|
| Ed Butowsky | ) |
| _Plaintiff_ | ) |
| v. | ) |
| David Folkenflik; National Public Radio, Inc.; Edith Chapin; Leslie Cook; and Pallavi Gogoi | ) |
| _Defendant_ | ) |

Civil Action No.  4:18-cv-00442-ALM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Chapwood Capital Investment Management, LLC
15445 N. Dallas Pkwy., Suite 1200, Addison, Texas 75001

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached "Exhibit A"

| Place: Haynes and Boone, LLP | Date and Time: |
|---|---|
| 2323 victory Avenue, Suite 700, Dallas,TX 75219 | 12/06/2019 12:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     11/15/2019

_CLERK OF COURT_

OR

_____                    /s/ Laura Prather
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
David Folkenflik, et al.
, who issues or requests this subpoena, are:

Laura Prather, Haynes and Boone, LLP, 600 Congress, Suite 1300, Austin, TX 78701, 512-867-8400, laura.prather@haynesboone.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

App. 003

# EXHIBIT A

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:18-cv-00442-ALM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

      ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

      ❐ I returned the subpoena unexecuted because: _____

_____ .

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

      I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

App. 004

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENT, INFORMATION, OR OBJECTS TO CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, LLC

**YOU ARE COMMANDED** to produce at the time, date, and place set forth in the accompanying Subpoena to Produce Documents, Information, or Objects (the "Subpoena") the following documents, electronically stored information, or objects pursuant to Rule 45 of the Federal Rules of Civil Procedure, to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi (collectively "Defendants").

### I.
### INSTRUCTIONS

1.      You are required to produce for inspection and copying true and correct copies of the designated documents at the office of Defendants' counsel, Haynes and Boone, LLP, 2323 Victory Ave, Ste. 700, Dallas, Texas 75219.

2.      In response to this Subpoena, provide all requested documents in your possession, custody or control, including all documents in the possession, custody or control of your attorneys or agents.  If your response to this Subpoena is that any requested document or documents are not in your possession, custody or control, identify who has possession, custody or control of the document or documents and the location of the document or documents.

3.      If a request seeks a document which to your knowledge does not exist, please state that the document does not exist.

4.      Without interfering with the readability of a document, please identify in some manner the request(s) to which the document is responsive.

5.      These requests for production are continuing in nature, and you are required to amend or supplement your responses if you or other persons acting on your behalf become aware of additional information between the time your answers are given and the time of trial that renders your responses no longer correct, accurate or complete.

6.      If you contend that you are entitled to withhold from production any documents identified in these requests for production on the basis of attorney-client privilege, work product doctrine or any other ground, follow the instructions described in sub-parts (a) - (e) below for each withheld document:

(a)      describe the nature of the document (*e.g.*, letter or memorandum);

(b)      state the date of the document;

(c)      identify the person(s) who sent and received the document and/or any copy thereof;

(d)      without revealing the privileged information, identify the subject matter of the document; and

(e)      state the specific privilege(s) you assert regarding the document.

7.      Unless otherwise specified, the time period for these requests is from **January 1, 2014** until the present time.

## II.
## DEFINITIONS

For purposes of these requests, the terms listed below are defined as follows:

1.      **You or Your** refers to Chapwood Capital Investment Management LLC (also referred to herein as Chapwood Capital Investment Management), and each of your owners, managers, agents, representatives, parents, affiliates, subsidiaries, divisions, employees, and attorneys and any other individual or entity presently or formerly acting on your behalf or at your request.

2.      **Plaintiff or Butowsky** refers to Ed Butowsky, and each of his agents, representatives, and attorneys and any other individual or entity presently or formerly acting on his behalf or at his request.

3.      **Defendants** refers to Defendants David Folkenflik, National Public Radio, Inc., Edith Chapin, Leslie Cook, and Pallavi Gogoi and any of their officers, employees, agents, representatives, attorneys or any other individual or entity presently or formerly acting on their behalf.

4.      The term **document(s)** shall mean and include all written, typed, printed, recorded, taped, or pictorial matter of any kind or nature whatsoever, however produced or reproduced, in whatever form maintained, including electronically stored information such as metadata, and all identical and non-identical (for whatever reason) copies and prior drafts thereof, in Your possession, custody or control and includes, but is not limited to, correspondence, transcriptions, tapes, notes from telephone conversations, agreements, contracts, records, tape recordings (whether or not transcribed), reports, memoranda, studies, summaries, minutes, notes, agenda, bulletins, calendars, diaries, logs, announcements, instructions, charts, manuals, brochures, schedules, email, blogs, internet postings, text messages, instant messages, computer data (whether on cards, compact disk, DVD, ISP server, or otherwise), telegrams, teletype, photographic matter, financial statements, accounting records, commission worksheets, and any other such documents and tangible things, whether in hard, digital or electronic version.  The term "document" also includes copies of documents upon which notations or writings appear that are not present on the originals or other copies of such documents.  In all cases where original and/or non-identical copies are not available, "document(s)" also means identical copies of original documents and copies of non-identical copies.  A document is deemed to be in Your custody if You have possession of the

document or has the right to secure such document from another person having possession thereof. All information available in electronic or magnetic medium should be provided electronically on an external hard drive in their native format.

5.      The term **electronically stored information**, when used in these Requests, refers to information stored on a computer, CD, DVD, disk, hard drive, or other magnetic or electronic device, including, without limitation, voicemail messages and files; email messages and files; deleted files, programs, or e-mails; data files; program files; backup and archival tapes; temporary files; system history files; website information stored in textual, graphical or audio format; website log files; cache files; text messages, instant messages, cookies; writings; drawings; graphs; charts; photographs; sound recordings; images; video recordings; and other data or data compilations stored in any medium from which information can be obtained or translated, if necessary, by You into reasonably usable form.

6.      The term **communication**, when used in these Requests, refers to any oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, but not limited to telephone, telegraph, mail, email, text message, instant messaging, telecopy, and personal conversation(s).

7.      The conjunction **or** as used in these requests should not be read to limit part of the request but, whenever applicable, it should have the same meaning as the word "and."  For example, an interrogatory stating "support or refer" should be read as "support and refer," if an answer that does both can be made.

8.      The word **and** means **and/or**.

9.      The term **Person** means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

10.     The term **Charles Schwab Corporation** means Charles Schwab Corporation, and its owners, managers, agents, representatives, parents, affiliates, subsidiaries, divisions, employees, and attorneys.

11.     The term **Charles Schwab & Co., Inc.** means Charles Schwab & Co., Inc. and its owners, managers, agents, representatives, parents, affiliates, subsidiaries, divisions, employees, and attorneys.

12.     The term **Schwab Institutional Enterprise** means Schwab Institutional Enterprise and its owners, managers, agents, representatives, parents, affiliates, subsidiaries, divisions, employees, and attorneys.

13.     The term **Charles Schwab & Co.** means Charles Schwab Corporation, Charles Schwab & Co., Inc. and Schwab Institutional Enterprise, collectively, and their owners, managers, agents, representatives, parents, affiliates, subsidiaries, divisions, employees, and attorneys.

14.     The term **Wheeler Complaint** means Plaintiff's Complaint in *Wheeler v. Twenty-First Century Fox, Inc., et. al.,* Case No. 1:17-CV-05087, filed in the United States District Court for the Southern District of New York on August 1, 2017.

15.     The term **Aaron Rich Complaint** means the Complaint filed in *Rich v. Butowsky et al.*, Case No. 1:18-cv-681-RJL filed in the United States District Court for the District of Columbia on March 26, 2018.

16.     The term **Joel & Mary Rich Complaint** means the Complaint filed in *Rich v. Fox News Network, LLC, et al.*, Case No. 1:18-cv-2223 filed in the United States District Court for Southern District of New York on March 13, 2018.

17.     The terms **referring to**, **concerning**, **relating to**, or **pertaining to** any given subject when used to specify a document, communication, or statement, shall mean or refer to any document, communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, discusses, mentions, supports, refutes, controverts, depicts, and or is in any manner whatsoever pertinent to that subject.

## DOCUMENTS REQUESTED

Please produce the following documents, records, and information in your possession, custody, or control:

1.  All documents referring or relating to, and all communications between, You and the following since January 1, 2014:

    a.  Charles Schwab Corporation

    b.  Charles Schwab & Co., Inc.

    c.  Schwab Institutional Enterprise

    d.  Charles R. Schwab

    e.  Walter W. Bettinger, II

    f.  Bernard J. Clark

    g.  Jonathan M. Craig

    h.  Joseph R. Martinetto

    i.  Nigel J. Murtagh

    j.  William Bell

    k.  Kevin Lewis

2.  All documents and communications produced by Chapwood Capital Investment Management in any litigation, FINRA proceeding, NASD Dispute Resolution, or arbitration since January 1, 2009.

3.  All documents and communications Charles Schwab & Co., Inc. sent to Chapwood Capital Investment Management in 2017 and 2018.

4.  All notes from all meetings and conversations with Charles Schwab & Co. or its representatives.

5.  All documents and communications evidencing or relating to a $45 million loss of business because of Charles Schwab & Co.'s termination of Chapwood's Investment Manager Services Agreement.

6.  All documents and communications evidencing or relating to the loss of "over 268 customer accounts" as a result of Charles Schwab & Co.'s termination of Chapwood's Investment Manager Services Agreement as alleged in *Chapwood Capital Inv. Mgmt., LLC et al. v. Charles Schwab Corp. et al.*, No. 18-cv-00287-RAS, Dkt. 1 para. 22(c) (E.D. Tex.).

7.  All documents and communications evidencing attempts to find another broker-dealer and custodian for Chapwood Investment Management's assets after Charles Schwab & Co. terminated its agreement with Chapwood Investment Management.

8.  All documents and communications evidencing the false statements and misrepresentations Charles Schwab & Co. made about Chapwood Investment Management.

9.  All documents and communications evidencing or relating to damages suffered as alleged in *Butowsky v. Folkenflik et al.*, No. 4:18-cv-422-ALM (E.D. Tex.) (the "***NPR litigation***").

10. All documents referring or relating to, and communications to or from You relating to any allegations in the Complaint in the NPR litigation, as defined above, or the Wheeler Complaint, the Aaron Rich Complaint,or  the Joel & Mary Rich Complaint, including but not limited to communications with Rod Wheeler, Malia Zimmerman, Adam Housley, Doug Wigdor, Wigdor LLP, Matt Couch, Admiral James A. Lyons, Aaron Rich, Joel Rich, Mary Rich, Kelsey Mulka, Steve Bannon, Sean Spicer, Ellen Ratner, and/or Larry Johnson.

11. All documents referring or relating to, and communications with Sally Hill Davis, including communications relating to Ms. Davis' decision to remove Chapwood Investment Management as the adviser on her Charles Schwab & Co. account, as alleged in footnote 4 of the Second Amended Complaint in the NPR litigation.

12. All documents and communications concerning any lawsuits, threats of lawsuits, consumer complaints, disciplinary actions, or accusations that accused Chapwood Investment Management of fraudulent conduct (including making false statements),

including but not limited to while Chapwood Investment Management maintained a relationship with Charles Schwab.

13. All documents and communications sufficient to show Chapwood Investment Management's annual net income between 2014 and the present.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas

| | |
|---|---|
| Ed Butowsky | ) |
| _Plaintiff_ | ) |
| v. | )     Civil Action No.    4:18-cv-00442-ALM |
| David Folkenflik; National Public Radio, Inc.; Edith Chapin; Leslie Cook; and Pallavi Gogoi | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                     Chapwood Capital Investment Management, LLC
                         15445 N. Dallas Pkwy., Suite 1200, Addison, Texas 75001

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attached "Exhibit A"

| Place: Haynes and Boone, LLP | Date and Time: |
|---|---|
| 2323 victory Avenue, Suite 700, Dallas,TX 75219 | 12/06/2019 12:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      11/15/2019

                   _CLERK OF COURT_

                                       OR

                                                         /s/ Laura Prather

            _Signature of Clerk or Deputy Clerk_                         _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____

  David Folkenflik, et al. _____ , who issues or requests this subpoena, are:

Laura Prather, Haynes and Boone, LLP, 600 Congress, Suite 1300, Austin, TX 78701, 512-867-8400, laura.prather@haynesboone.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT B                 App. 014

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:18-cv-00442-ALM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  _____

on *(date)*  _____ .

☐  I served the subpoena by delivering a copy to the named person as follows:  _____

_____

_____   on *(date)*  _____ ; or

☐  I returned the subpoena unexecuted because:  _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  _____ .

My fees are $  _____  for travel and $  _____  for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

App. 015

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# UNITED STATES DISTRICT COURT
### for the
## EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ED BUTOWSKY | § | |
| | § | |
| | § | |
| Plaintiff(s), | § | |
| v. | § | Civil Action No. <u>4:18-cv-00442-ALM</u> |
| | § | |
| | § | |
| DAVID FOLKENFLIK; ET AL | § | |
| Defendant(s). | § | |

## RETURN OF SERVICE

Came to my hand on **Friday, November 15, 2019 at 5:07 PM,**
Executed at: **4965 PRESTON PARK BLVD, STE 100, PLANO, TX 75093**
within the county of **COLLIN** at **9:50 AM,** on **Monday, November 18, 2019,**
by individually and personally delivering to the within named:

### CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, LLC

By delivering to its **Authorized Representative, EDWARD BUTOWSKY**
a true copy of this

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION with EXHIBIT A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS TO CHAPWOOD CAPITAL INVESTMENT MANAGEMENT, LLC

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Adil Tadli** who after being duly sworn on oath states: "My name is **Adil Tadli**. I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

By: _____

Adil Tadli - PSC1206 - Exp 05/31/20

**Subscribed and Sworn to by Adil Tadli, Before Me, the undersigned authority, on this __19th__ day of November, 2019.**

_____
**Notary Public in and for the State of Texas**



THOMAS E CONSIDINE
Notary Public
STATE OF TEXAS
ID#12516820-9
My Comm. Exp. April 13, 2021

App. 017